# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH RUSSELL JUDD,<br>BOP #11593-051,<br><br>                  Plaintiff,<br><br>vs.<br><br>SECRETARY OF STATE OF<br>CALIFORNIA; STATE OF<br>CALIFORNIA,<br><br>                  Defendants. | Civil No.   11-1287 H (RBB)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CASE AS FRIVOLOUS AND FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff, a federal prisoner currently incarcerated at the Federal Correctional Institution in Texarkana, Texas and proceeding pro se, has filed a civil complaint seeking injunctive relief requiring the State of California to "place his name on the 2012 Presidential Primary Election Ballot, or equivalent, as a Democratic candidate for President of the United States," to "enter a judgment declaring convicted felons' right to vote in all federal elections," and to "declare all state laws in conflict unconstitutional." (Compl. at 2.) Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. §1914(a); instead, he has submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

1 **I.      Motion to Proceed IFP**

2          Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil

3  litigation IFP, that is, without the full prepayment of fees or costs.  28 U.S.C. § 1915(a)(2).

4  However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the

5  privilege to proceed IFP:

6                   . . . if the prisoner has, on 3 or more prior occasions, while
                   incarcerated or detained in any facility, brought an action or appeal
7                   in a court of the United States that was dismissed on the grounds
                   that it is frivolous, malicious, or fails to state a claim upon which
8                   relief can be granted, unless the prisoner is under imminent danger
                   of serious physical injury.
9

10  28 U.S.C. § 1915(g).  "This subdivision is commonly known as the 'three strikes' provision."

11  *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").  "Pursuant to

12  § 1915(g), a prisoner with three strikes or more cannot proceed IFP."  *Id.; see also Andrews v.*

13  *Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA,

14  "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP

15  status under the three strikes rule[.]").   The objective of the PLRA is to further "the

16  congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*,

17  128 F.3d 1310, 1312 (9th Cir. 1997).

18          "Strikes  are prior cases or appeals, brought while the plaintiff was a prisoner, which were

19  dismissed on the ground that they were frivolous, malicious, or failed to state a claim,"

20  *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles

21  such dismissal as a denial of the prisoner's application to file the action without prepayment of

22  the full filing fee."  *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).  Once a prisoner has

23  accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP

24  action in federal court unless he can show he is facing "imminent danger of serious physical

25  injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception

26  for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent

27  danger of serious physical injury' at the time of filing.").

28  / / /

1  **II.     Application of 28 U.S.C. § 1915(g)**

2      As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has

3  ascertained that there is no "plausible allegation" to suggest Plaintiff "faced 'imminent danger

4  of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28

5  U.S.C. § 1915(g)).

6      A court "'may take notice of proceedings in other courts, both within and without the

7  federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias*

8  *v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d

9  801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens*

10 *Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).  Since 1994, Plaintiff has filed an

11 astonishing 296 civil actions and an additional 586 appeals and extraordinary writs in

12 practically every federal district and appellate court in the country.  *See* PACER (Public Access

13 to Court Electronic Records) Case Locator, https://pacer..uscourts.gov (last visited July 13,

14 2011).  Plaintiff has filed an additional 12 petitions for writ of certiorari and mandamus in the

15 United States Supreme Court.  *See Judd v. United States District Court for the Western District*

16 *of Texas*, 528 U.S. 5, 5 (1999).  As a result of his frivolous filings and repeated abuse of the

17 judicial system, Plaintiff has been sanctioned and precluded from filing any further civil actions

18 or appeals without full prepayment of filing fees and prior leave of Court in the Supreme Court

19 as well as in the Third, Fifth, Tenth and District of Columbia Circuit Courts of Appeal.  *Id.*; *see*

20 *also In re Keith Russell Judd*, 240 Fed. Appx. 981, 2007 WL 2080459 (3d Cir. 2007); *United*

21 *States v. Judd*, 67 Fed. Appx. 248, 2003 WL 21145742 (5th Cir. 2003); *Judd v. University of*

22 *New Mexico*, 204 Fed. Appx. 1041, 1044-45 (10th Cir. 2000); *Judd v. United States*, 2006 WL

23 1565084 (D.C. Cir. 2006).

24     Thus, it is beyond dispute that Plaintiff has far exceeded the three 'strikes' permitted him

25 to continue to proceed IFP.  A random sample of civil actions and appeals filed by Plaintiff

26 while incarcerated and dismissed on the grounds that they were frivolous, malicious, or failed

27 to state a claim upon which relief may be granted include:  *Judd v. Univ. of New Mexico*, 1997

28 WL 811623 (5th Cir. Dec. 9, 1997) (order dismissing appeal as frivolous); *Judd v. United States*

1   *District Court*, 1999 WL 274608 (5th Cir. April 16, 1999) (order dismissing appeal as

2   frivolous); *Judd v. United States District Court*, 1999 WL 274610 (5th Cir. April 16, 1999)

3   (order dismissing appeal as frivolous); *Judd v. United States*, Civil Case No. 1:06-cv-14257

4   (S.D. N.Y. Dec. 8, 2006) (order dismissing case as frivolous); *Judd v. Furgeson*, 239 F. Supp.

5   2d 442, 443 (D. N.J. 2002) (listing multitude of federal cases filed by Plaintiff and dismissed

6   as frivolous); and *Judd v. United States*, Civil Case No. 7:00cv188 (W.D. Va. March 9, 2000)

7   (order dismissing case as frivolous).

8       Despite this history, Plaintiff has over the course of the last two months alone, filed an

9   additional sixty (60) civil complaints identical to the one he filed in this Court, save for the

10  substitution of different States and Secretaries of State named as Defendants, and all

11  challenging the State's refusal to place his name on the Presidential election ballot.  Twenty-

12  three of these have also been dismissed as duplicative, frivolous, abusive and as barred by 28

13  U.S.C. § 1915(g).[1]  For this additional reason, and regardless of Plaintiff's IFP status, this action

14  must too be dismissed as frivolous.  *See* 28 U.S.C. § 1915A(b); *Cato v. United States*, 70 F.3d

15

16

---

17      [1] They are: *Judd v. State of Hawaii*, Civil Case No. 1:11-cv-0365-DAE-BMK (D. Hawaii June
18  13, 2011 Order); *Judd v. State of Missouri*, Civil Case No. 2:11-cv-4146-ODS (W.D. Mo. June 6, 2011
    Order); *Judd v. Wyoming Sec'y of State*, Civil Case No. 2:11-cv-0202-CAB (D. Wyo. June 6, 2011
19  Order); *Judd v. Sec'y of the Commonwealth of Massachusetts*, Civil Case No. 4:11-mc-94007-FDS (D.
    Mass. June 3, 2011 Order); *Judd v. Sec'y of State of Alabama*, Civil Case No. 2:11-cv-01753-KOB-TMP
20  (N.D. Ala. June 6, 2011 Order); *Judd v. Sec'y of State of Iowa*, Civil Case No. 5:11-cv-04050-MWB
    (N.D. Iowa July 7, 2011 Order); *Judd v. State Board of Elections of Maryland,* Civil Case No. 11-cv-
21  01447-RDB (D. Maryland June 10, 2011 Order); *Judd v. Sec'y of State of Colorado*, Civil Case No.
    1:11-cv-01399-LTB (D. Colo. July 7, 2011 Order); *Judd v. Oklahoma State Election Board*, Civil Case
22  No. 4:11-cv-00331-GKF-PJC (N.D. Okla. May 31, 2011 Order); *Judd v. Dep't of State of Tennessee*,
    Civil Case No. 3:11-cv-00244-TWP-HBG (E.D. Tenn. June 3, 2011 Order); *Judd v. Sec'y of State of
23  Montana*, Civil Case No. 9:11-cv-00080-DWM-JCL (D. Mont. May 27, 2011 Recommendation and
    Order); *Judd v. Pennsylvania Dep't of State*, Civil Case No. 2:11-cv-03849-CMR (E.D. Pa. June 24,
24  2011 Order); *Judd v. Sec'y of State of Florida*, Civil Case No. 4:11-cv-00234-SPM-WCS (N.D. Fla. July
    12, 2011 Order); Judd v. State of Georgia Sec'y of State, Civil Case No. 5:11-cv-00233-CAR-CHW
25  (M.D. Ga. June 16, 2011 Order); *Judd v. Sec'y of State of Kentucky*, Civil Case No. 3:11-cv-00027-DCR
    (E.D. Ky. June 20, 2011 Memorandum Order); *Judd v. Sec'y of State of Maine*, Civil Case No. 1:11-cv-
26  00212-DBH (D. Maine June 30, 2011 Order); *Judd v. Oklahoma State Election Bd.*, Civil Case No.
    6:11-cv-00183-RAW (E.D. Okla. June 13, 2011 Order); *Judd v. State of Iowa*, Civil Case No. 4:11-cv-
27  00253-JAJ (S.D. Iowa May 31, 2011 Order); *Judd v. Arkansas Sec'y of State*, Civil Case No. 4:11-cv-
    00447-BRW (E.D. Ark. June 9, 2011 Order); *Judd v. Louisiana State Sec'y*, Civil Case No. 2:11-cv-
28  01501-KDE-JCW (E.D. La. July 5, 2011 Order); *Judd v. State Bd. of Elections of Virginia*, Civil Case
    No. 7:11-cv-00258-JCT (W.D. Va. June 9, 2011 Order); and *Judd v. State bd. of Elections of Virginia*,
    Civil Case No. 1:11-cv-00618-JCC-TCB (E.D. Va. June 20, 2011 Order).

1    1103, 1105 n.2 (9th Cir. 1995) (finding prisoner's complaint frivolous if it "merely repeats

2    pending or previously litigated claims.").

3           Accordingly, because Plaintiff has, while incarcerated, accumulated many more than

4    three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced

5    imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled

6    to the privilege of proceeding IFP in this action.  *See Cervantes*, 493 F.3d at 1055; *Rodriguez*,

7    169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from

8    accessing the courts; it only precludes prisoners with a history of abusing the legal system from

9    continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221,

10   1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not

11   right.").

12   **III.    Conclusion and Order**

13          For the reasons set forth above, the Court hereby:

14          1)      **DENIES** Plaintiff's Motion to Proceed IFP [ECF No. 2] as barred by 28 U.S.C.

15   § 1915(g);

16          2)      **DISMISSES** this action as frivolous pursuant to 28 U.S.C. § 1915A(b) and for

17   failure to pay the $350 civil filing fee required by 28 U.S.C. § 1914(a), and

18          3)      **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore,

19   would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United*

20   *States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977)

21   (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

22          The Clerk shall close the file.

23          **IT IS SO ORDERED**.

24   Dated:   July 19, 2011

25
                                                    _____
26                                                  MARILYN L. HUFF, District Judge
                                                    UNITED STATES DISTRICT COURT
27

28