1
2
3
4
5
6
7
8   **UNITED STATES DISTRICT COURT**
9   **SOUTHERN DISTRICT OF CALIFORNIA**
10
11  KEITH RUSSELL JUDD,                          CASE NO. 11-CV-1287-H (RBB)
12                              Plaintiff,       **ORDER DENYING MOTION**
        vs.                                      **FOR RELIEF FROM**
13                                               **JUDGMENT**
    SECRETARY OF STATE OF
14  CALIFORNIA, and STATE OF
    CALIFORNIA,
15
                            Defendants.
16
17          On August 9, 2012, Plaintiff Keith Russell Judd, proceeding pro se, filed a motion for
18  relief from judgment.  (Doc. No. 9.)  The Court, pursuant to its discretion under Local Rule
19  7.1(d)(1), determines this matter is appropriate for resolution without oral argument and
20  submits the motion on the papers.  For the following reasons, the Court denies Plaintiff's
21  motion for relief from judgment.
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Background**

Since 1994, Plaintiff, a federal prisoner incarcerated at the Federal Correctional Institution in Texarkana, Texas, has filed at least 296 civil actions and an additional 586 appeals and extraordinary writs in practically every federal district and appellate court throughout the country. See PACER (Public Access to Court Electronic Records) Case Locator, https://pacer..uscourts.gov (last visited July 13, 2011).[1]   Plaintiff has filed an additional 12 petitions for writ of certiorari and mandamus in the United States Supreme Court. See Judd v. United States District Court for the Western District of Texas, 528 U.S. 5, 5 (1999).  As a result of his frivolous filings and repeated abuse of the judicial system, Plaintiff has been sanctioned and precluded from filing any further civil actions or appeals without full prepayment of filing fees and prior leave of court in the Supreme Court as well as in the Third, Fifth, Tenth and District of Columbia Circuit Courts of Appeal.  See id.; In re Keith Russell Judd, 240 Fed. Appx. 981, 2007 WL 2080459 (3d Cir. 2007); United States v. Judd, 67 Fed. Appx. 248, 2003 WL 21145742 (5th Cir. 2003); Judd v. University of New Mexico, 204 Fed. Appx. 1041, 1044-45 (10th Cir. 2000); Judd v. United States, 2006 WL 1565084 (D.C. Cir. 2006).

It is beyond dispute that Plaintiff has far exceeded the 'three strikes' permitted him to continue proceeding in forma pauperis ("IFP").  See 28 U.S.C. § 1915(g).  A random sample of civil actions and appeals filed by Plaintiff while incarcerated and dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted include: Judd v. Univ. of New Mexico, 1997 WL 811623 (5th Cir. Dec. 9, 1997) (order dismissing appeal as frivolous); Judd v. United States District Court, 1999 WL 274608 (5th Cir. April 16, 1999) (order dismissing appeal as frivolous); Judd v. United States District Court, 1999 WL 274610 (5th Cir. April 16, 1999) (order dismissing appeal as frivolous); Judd

---

[1] A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'"  Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002)); see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

1  v. United States, Civil Case No. 1:06-cv-14257 (S.D. N.Y. Dec. 8, 2006) (order dismissing

2  case as frivolous); Judd v. Furgeson, 239 F. Supp. 2d 442, 443 (D. N.J. 2002) (listing multitude

3  of federal cases filed by Plaintiff and dismissed as frivolous); and Judd v. United States, Civil

4  Case No. 7:00-cv-188 (W.D. Va. March 9, 2000) (order dismissing case as frivolous).

5       Despite this history, on June 8, 2011 Plaintiff filed the present complaint seeking

6  injunctive relief requiring the State of California to "place [his name] on the 2012 Presidential

7  Primary Election Ballot, or equivalent, as a Democratic candidate for President of the United

8  States," and to enter a judgment "declaring convicted felons' right to vote in all federal

9  elections . . . and to declare all state laws in conflict unconstitutional under the U.S.

10 Constitution." (Doc. No. 1 at 2.)  Plaintiff also filed a motion to proceed in forma pauperis

11 ("IFP").  (Doc. No. 2.)  In addition, Plaintiff filed at least sixty (60) other civil complaints

12 identical to the one he filed in this Court, save for the substitution of different States and

13 Secretaries of State named as Defendants, and all challenging the State's refusal to place his

14 name on the Presidential election ballot. (Doc. No. 3 at 4.)  At least twenty-three (23) of these

15 other cases have been dismissed as duplicative, frivolous, abusive and as barred by 28 U.S.C.

16 § 1915(g). (Id.)

17      On July 20, 2011, the Court denied Plaintiff's motion to proceed IFP and dismissed

18 Plaintiff's present case under 28 U.S.C. § 1915(g) for failure to make a plausible allegation that

19 he faced imminent danger of a serious physical injury at the time he filed his complaint.  (Doc.

20 No. 3 at 2; citing Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007) (noting the

21 exception in § 1915(g) for IFP complaints that "make[] a plausible allegation that the prisoner

22 faced 'imminent danger of serious physical injury' at the time of filing")).  Plaintiff appealed

23 this Court's decision.  (Doc. No. 5.)  The Ninth Circuit denied Plaintiff's appeal.  (Doc. No.

24 6; citing In re Thomas, 508 F.3d 1225 (9th Cir. 2007)).  In particular, the Ninth Circuit's order

25 provided that "[n]o motions for reconsideration  . . . or any other submissions regarding this

26 order shall be filed or entertained."  (Doc. No. 6.)  Contrary to the Ninth Circuit's order,

27 Plaintiff now seeks relief from this Court's judgment.  (Doc. No. 9.)

28 ///

## I.  Legal Standard for a Motion for Relief from a Judgment or Order

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial;
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Whether to grant or deny a motion for reconsideration is within the sound discretion of the district court.  Navajo Nation v. Norris, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).  Rule 60(b)(6), which permits relief from judgment for reasons including excusable neglect, should be used only "sparingly" to prevent "manifest injustice."  Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010).  Rule 60 should be used only where "'extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'"  Greenawalt, 105 F.3d at 1273 (quoting United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993)).

## II.  Analysis

Here, Plaintiff seeks:

> relief from judgment or order under twenty fourth amendment; and motion to amend for court order to register all convicted and incarcerated felons to vote in all federal elections and caucuses and democratic national convention; and for order to remove Barack Obama from state's 2010 presidential primary election ballot/caucus and award all delegates to Keith Judd, democratic presidential candidate

(Doc. No. 9 at 1.)  The Court has reviewed its previous order, the Ninth Circuit's order, Plaintiff's present motion, and the other filings in this case.  (Doc. Nos. 3, 6 & 9.)  The Court concludes that Plaintiff has failed to demonstrate that relief from judgment is warranted.  For example, Plaintiff fails to articulate any mistake made by this Court, Plaintiff fails to provide

1   any newly discovered evidence, Plaintiff fails to identify any fraud by an opposing party, and

2   Plaintiff fails to provide any other reason that justifies relief.  See Fed. R. Civ. P. 60(b).

3   Plaintiff's motion does not addresses the Court's previous basis for dismissing this action.

4   Furthermore, Plaintiff is not entitled to proceed in this matter without payment of the filing fee.

5   See 28 U.S.C. § 1915(g).  Moreover, Plaintiff did not bring this motion within a reasonable

6   time, since this matter has been closed for over a year. Fed. R. Civ. P. 60(c) ("A motion under

7   Rule 60(b) must be made within a reasonable time–and . . . no more than a year after the entry

8   of the judgment or order or the date of the proceeding.").  Accordingly, the Court denies

9   Plaintiff's motion for relief from judgment.

10          **IT IS SO ORDERED.**

11   DATED: August 17, 2012

12

13   _____

14   MARILYN L. HUFF, District Judge
     UNITED STATES DISTRICT COURT

15

16

17

18

19

20

21

22

23

24

25

26

27

28